IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No.: 1:21-cv-2068

UHS OF DENVER, INC.,
d/b/a HIGHLANDS BEHAVIORAL HEALTH SYSTEM, a Delaware Corporation,
UNIVERSAL HEALTH SERVICES, INC., a Delaware Corporation,

        Petitioners,

v.

ADAM SKIBELL, an individual,

        Respondent.

## PETITION TO VACATE ARBITRATION AWARD

Petitioners UHS of Denver, Inc., d/b/a Highlands Behavioral Health System ("Highlands") and Universal Health Services, Inc. seek to vacate the arbitrator's June 29, 2021 Final Award under the Federal Arbitration Act, 9 U.S.C. § 10(a) and allege as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action under 28 U.S.C. § 1331 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq. ("ADA").

2. The Court is one of proper venue because the arbitration award was made in this district. 9 U.S.C. § 10(d). Venue is also proper under 28 U.S.C. § 1391(b)(1) because Petitioner Highlands has a principal place of business in Littleton, Colorado. Venue is also proper under 28 U.S.C. § 1391(b)(2) because Respondent Adam Skibell's ADA claims arise from his employment in Littleton, Colorado.

## PARTIES

3. Petitioner Highlands is a Delaware corporation with a principle place of business in Littleton, Colorado. It owns and operates a behavioral health facility that provides mental health services in Littleton, Colorado. Petitioner Universal Health Services, Inc. is a Delaware corporation with a principle place of business in King of Prussia, Pennsylvania. Universal Health Services, Inc. is the parent corporation of Highlands.

4. Respondent Adam Skibell is an individual who resides in Colorado.

## NATURE OF ACTION

5. Petitioners bring this action to vacate the June 29, 2021 Final Award and the April 9, 2021 Interim Award it incorporates by reference, issued by Arbitrator Kathryn E. Miller ("Award").

6. Arbitrator Miller filed the Award on June 29, 2021, and after providing notice of this petition on July 8, 2021, Respondents filed this action within 90 days of the Award, as required by the Federal Arbitration Act. *See* 9 U.S.C. § 12.

7. Respondents seek to have the Award vacated because Arbitrator Miller acted with evident partiality in violation of section 10(a)(2) of the FAA.

### Respondent Skibell Filed an Arbitration Demand Against Petitioners under the American with Disabilities Act Alleging Various Claims Related to His Dyslexia.

8. On July 18, 2017, Highlands hired Skibell as an Intake Counsel. During the onboarding process, Skibell signed the Alternative Resolution for Conflicts Agreement, under which both parties agreed to resolve any disputes between them through final and binding arbitration ("Arbitration Agreement"). The Arbitration Agreement provides that it is governed by the FAA.

9. Two weeks after Highlands hired Skibell, it met with him to explain concerns about his job performance. Skibell explained that he had dyslexia, and he subsequently submitted paperwork requesting an accommodation for additional training time a few weeks later. Highlands granted the accommodation. But even with the additional training time, Skibell's performance did not improve. Highland terminated Skibell on January 11, 2018 for multiple policy violations.

10. On or about February 25, 2020, Skibell filed a demand for arbitration with the American Arbitration Association, alleging he was discriminated against due to his dyslexia. He brought four claims under the American with Disabilities Act, including, (1) Petitioners subjected him to disparate terms of conditions of employment based on his disability; (2) Petitioners failed to accommodate his disability; (3) Petitioners created a hostile working environment; and (4) Petitioners retaliated against him for engaging in a protected activity.

**The Parties Chose Arbitrator Miller, Who Issued a Final Award for Skibell.**

11. The parties' Arbitration Agreement provides that the parties may choose the arbitrator by mutual agreement or under the procedures set by the American Arbitration Association's Employment Arbitration Rules ("AAA Rules"). The AAA Rules provide for a "neutral" arbitrator, and to that end, impose strict and broad disclosure requirements on its arbitrators.

12. On April 7, 2020, AAA forwarded a list of ten arbitrators the parties could rank, or, if it had objections, strike. The letter included a resume from each of the proposed ten arbitrators. Though many of the resumes revealed board memberships in public and private associations, the resume of Arbitrator Kathryn E. Miller did not.

13. On April 29, 2020, AAA notified the parties that Arbitrator Miller had been appointed to the case, subject to any objections by the parties. The April 29, 2020 letter also included a copy of Arbitrator Miller's General Arbitrator Oath Form, in which attested that she was not a member of any organization that might be relevant to the dispute.

14. Based on the information disclosed by Arbitrator Miller, Petitioners did not object to her appointment as arbitrator.

**Arbitrator Miller Ruled for Petitioner in the Total Amount of $730,660.35.**

15. On June 29, 2021, Arbitrator Miller issued a Final Award granting a total amount of $730,660.35 to Skibell. The Award incorporated by reference the April 9, 2021 Interim Award's findings and conclusions that Petitioners had violated the American with Disabilities Act, and award of $4,182.00 in economic damages, $150,000 in compensatory damages, and $75,000 in punitive damages.

16. The Final Award addressed the issue of attorneys' fees, which the Interim Award had left open, and awarded the following additional fees and costs: $487,091.00 in attorneys' fees, $13,507.72 in costs, $579.63 in prejudgment interest on the backpay, and $300 to reimburse for Skibell's portion of the arbitrator fees.

**Arbitrator Miller Failed to Disclose Her More Than Thirty Years Involvement with an Organization Dedicated to Serving Children and Adults Who Experience the World Differently, Just as Respondent Skibell Alleges in His Underlying Claims.**

17. Though it was not disclosed in Arbitrator Miller's AAA biography, Arbitrator Miller has spent much of her professional life serving on the Board of the STAR Institute for Sensory Processing Disorder (previously known as the Sensory Processing Foundation), including

as its Board President.  Her online resume states that she has been a member of that Board since 1980, the same year she graduated from law school and was admitted to the Colorado Bar.

18. On its website, the organization states that its mission is "[t]o impact quality of life by developing and promoting best practices for sensory health and wellness through treatment, education, and research."  It supports treatment, education, and research for children, adolescents, and adults with processing disorders, including an emphasis on interventions and support to improve the well-being and lives of those living with the disorders and enable them to thrive.

19. Thus, the Star Institute, led by Arbitrator Miller, has devoted itself to improving the lives of children and adults with sensory processing disorders. In addition, by offering these individuals and their families for navigating life's challenges from an early age, the Star Institute exists to help individuals with unique processing challenges to thrive in their lives, including by identifying accommodations.  Respondent alleges a similar journey and similar processing challenges due to his dyslexia.

20. Arbitration Miller has devoted much of her professional life to advocating for individuals like Skibell who process the world in a different way. In fact, Respondent's entire journey in diagnosing, addressing, and accommodating his disability echoes those served by the Star Institute under Arbitrator Miller's leadership.

21. As evidenced by the length and substance of her work, Arbitrator Miller's undisclosed decades of work as a Board Member for the Star Institute is direct and demonstrable evidence of her evident partiality.  The fact that she failed to disclose this significant interest is further evidence of partiality.

## **CLAIM FOR RELIEF**

For the above reasons, Petitioners respectfully requests that the Court enter an Order vacating Arbitrator Miller's Award in its entirety, remanding this case to another AAA arbitrator to be selected by the parties for a new arbitration proceeding, and for such other and further relief that the Court may deem just and proper.

Respectfully submitted this 30th day of July, 2021.

*s/ Joshua B. Kirkpatrick*
Joshua B. Kirkpatrick
Littler Mendelson, P.C.
1900 16th Street, Suite 800
Denver, CO 80202
Ph: (303) 629-6200
Email: jkirkpatrick@littler.com

Robert F. Friedman
Littler Mendelson PC-Dallas
2001 Ross Avenue, Suite 1500
Dallas, TX 75201-2931
Phone: 214-880-8100
Fax: 214-880-0181
Email:  rfriedman@littler.com

*Attorneys for Petitioners*

4815-1204-6067.3 / 069080-1000

6